# EXHIBIT A

LAW OFFICE OF DAVID S. BARRETT
David S. Barrett (SB# 209986)
117 'J' Street, Suite 201
Sacramento, CA 95814
Tel. (916) 440-0233
Fax (916) 440-0237

Attorney for Plaintiffs
Stay-Dri Continence Management Systems, LLC,
Ted Gomoll, Greg Bixby, and Bruce Scott

FILED
Superior Court Of California,
Sacramento
Dennis Jones, Executive
Officer
05/21/2008
skyulngai
By _____, Deputy
Case Number:
34-2008-00011514-CU-BC-GDS

Department
Assignments
Case Management 39
Law and Motion 54
Minors Compromise 31

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

UNLIMITED CIVIL

| | |
|---|---|
| STAY-DRI CONTINENCE MANAGEMENT SYSTEMS, LLC; TED GOMOLL; GREG BIXBY; BRUCE SCOTT, <br><br> Plaintiffs, <br><br> vs. <br><br> GLEN HAIRE; TWIN RIVERS TEXTILES, LLC and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: <br><br> 1. Breach of Written Contract <br> 2. Breach of Oral Contract <br> 3. Breach of Implied Contract <br> 4. Promissory Estoppel <br> 5. Conspiracy to Breach Contract <br> 6. Breach of Fiduciary Duty <br> 7. Conspiracy to Commit Breach of Fiduciary Duty <br> 8. Intentional Fraud/Concealment <br> 9. Negligent Misrepresentation <br> 10. Conspiracy to Commit Fraud <br> 11. Violation of Bus. & Prof. 17200 *et seq.* <br> 12. Conversion <br> 13. Conspiracy to Commit Conversion <br> 14. Intentional Interference With Prospective Economic Relations <br> 15. Misappropriation of Trade Secrets |

1

COMPLAINT

Complainants Stay-Dri Continence Management Systems, LLC, Ted Gomoll, Greg Bixby, and Bruce Scott (collectively "Plaintiffs") allege:

1.     Plaintiff Stay-Dri Continence Management Systems, LLC ("Stay-Dri") is, and is at all relevant times mentioned in this Complaint, a California Limited Liability Company.

2.     Plaintiff Ted Gomoll ("Gomoll") is, and was at all relevant times mentioned in this Complaint, an individual residing in the State of California.

3.     Plaintiff Greg Bixby ("Bixby") is an individual residing in the State of California.

4.     Plaintiff Bruce Scott ("Scott") is, and was at all relevant times mentioned in this Complaint, an individual residing in the State of California.

5.     Defendant Twin Rivers Textiles, LLC ("TRT") is, and was at all times mentioned in this Complaint, a Kentucky Limited Liability Company.

6.     Defendant Glen Haire ("Haire") is, and was at all times mentioned in this Complaint, a resident of the State of Kentucky. Haire and TRT shall collectively be referred to as "Defendants."

7.     Plaintiffs do not know the true names of Defendants Does 1 through 25, inclusive, and therefore sues them by those fictitious names. The names, capacities, and relationships of Defendants Does 1 through 25, will be alleged by amendment to this Complaint when they are known. Every reference to the named Defendants, and each of them, in this Complaint is specifically intended to be, and should be read as incorporating, a reference to Does 1 through 25, and each of them.

8.     Plaintiffs are informed and believes, and on that basis alleges that, at all times mentioned in this Complaint, Defendants were the agents, employees, and coconspirators of their co-Defendants, and in doing the things alleged in this Complaint were acting within the course and scope of that agency, employment, and conspiracy.

9.     Plaintiffs are informed and believe, and thereon allege, that Haire owns and is the managing member of TRT. Plaintiffs are further informed and believe that Haire, in

2

conjunction with third parties, developed adult briefs that wirelessly transmit information to hardware operated by complementary software system ("Product").   Haire and two other individuals own a patent on the Product as it relates to detection of bodily waste products. There is also a pending patent by these the owners of the Patent for predicting and managing incontinent events. The goal of developing the Product is for use in long-term care facilities in the United States.

10.   Haire initiated contact with Bixby, Gomoll, and Scott at different times within the last two years for the purpose of developing and commercializing the Product.  Bixby, Gomoll, and Scott possess certain experience and competencies needed to facilitate the development and commercialization of the product, including expert knowledge regarding Medicare reimbursement, long-term care facilities operations, computer software and hardware systems, investment and venture banking, industry relationships, executive management experience and skills, mergers and acquisition experience, and corporate partnering experience. Bixby, Gomoll, and Scott contributed substantial time and effort over approximately the last year to assist Defendants with the development and commercialization of the Product.

11.   In 2007 Bixby, Gomoll, Scott, and Defendants agreed that it was necessary to create a business entity, obtain a business partner, and grow the new business. Bixby, Gomoll, Scott, and Defendants agreed to execute an agreement outlining the material terms of their business relationship.   Bixby, Gomoll, Scott, and Defendants executed a pre-incorporation agreement ("PI Agreement") in December 2007.

12.   Pursuant to the PI Agreement and the parties' understanding, Bixby, Gomoll, Scott, and Defendants agreed to the following:

        a.  Form a business entity in the State of Kentucky and fund the new business with start-up capital. Haire was to collect the start up capital, coordinate with Scott to form the new business, and start a business checking account.

        b.  The parties would own the new business in the following percentages: Haire (55%); Bixby (18%); Gomoll (13.5%); and Scott (13.5%).

c. Each of the parties would be a board member and an officer of the new business as follows: Haire, as Chairman; Scott as CEO, Bixby as President, Gomoll as CFO/SVP.

d. To execute a Shareholder Agreement incorporating the terms of the Agreement;

e. Haire and TRT would transfer all relevant assets, rights and resources related to the Product to the new business, which included all ownership interest of Haire in the Patent and TRT's license agreement with Haire.

f. Bixby shall work full-time at the new business, while Scott, and Gomoll shall work part time. Bixby will be the business/operational manager and provide day to day leadership, while Gomoll and Scott will team up to provide business development through funding and corporate partnerships. Haire will provide manufacturing support to all. Salaries will be paid commensurate with time, energy, and general efforts made on behalf of the new business.

g. That Haire was to be paid certain monies to Haire because of Haire's past efforts to development the product.

h. A 40% licensing fee shall be paid to Bixby, some of which was to be distributed to Gomoll, Scott, and Haire. Bixby shall receive a fee equal to 40% of the installation, training, and support fees.

i. ILG was to terminate its current agreement with TRT.

13. Subsequent to the execution of the PI Agreement, Bixby, Gomoll, Scott, and Defendants engaged in efforts to start the business and formalize their relationship pursuant to the terms of the PI Agreement. Bixby relocated his residence from the State of Michigan to California. An extra telephone line was installed for the temporary home office of Bixby's home. The parties put together presentations and information packages for a large distributor of adult continence products and others. Defendants approved and ratified all of these efforts and edited the contents of various presentations. These presentations were also forwarded to various

4

COMPLAINT

potential clients, potential Beta sites, potential investors including venture capital businesses, 'Angel' investor groups, private investors, friends and family. Bixby, Gomoll, and Scott expended time and effort to make trips around the country to market the Product and the new business, including trips to Oregon and Virginia.

14. After the execution of the PI Agreement, the parties agreed to name the new company Care Tech Systems ("CTS"). Bixby, Gomoll, Scott, and Defendants essentially agreed that TRT was 'renamed' as CTS. Bixby, Gomoll, Scott, and Defendants represented to the world that this was the case, and that the new owners of CTS were Bixby, Gomoll, Scott, and Haire. The website www.CareTechSys.com was registered and business cards were created. Eventually, the business created was named 'Stay-Dri' at the demand of Haire, and the product itself was called Care Tech Systems. Moreover, the parties represented to the world through these presentations that the various individuals were officers of the new business as specified in paragraph 12(c) above.

15. The parties eventually decided that because the business would be located in California, it made sense to form an entity in California instead of Kentucky. The parties formed a limited liability company after a discussion between the parties.

16. The parties retained counsel pursuant to section 11 of the PI Agreement and began negotiating the contents of the Stay-Dri's Operating Agreement ("OA") as well as Membership Agreement ("MA") The Operating and Membership Agreements were nearly complete when Defendants repudiated the PI Agreement and stopped negotiating with Plaintiffs.

17. In or about April 2008, Haire demanded that Bixby was 'out' of the business. Haire also stated that he did not view the PI Agreement as a binding contract and that he did not intend to abide by any of the terms therein. Through Defendants' counsel, Marty Jacobs, Defendants denied ever having consented to the formation of Stay-Dri, that the PI Agreement was an "agreement to agree," and that Defendants have turned over nothing to Stay-Dri.

18. Plaintiffs are informed and believe and thereon allege that Defendants have repudiated the agreements noted herein because it was the purpose of Defendants to abscond

with information created by Plaintiffs regarding costs, financial projections, marketing, commercialization, and distribution of the system.

## FIRST CAUSE OF ACTION
### (Against All Defendants)
### Breach of Written Contract/Implied Good Faith and Fair Dealing

19.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18 hereinabove as though fully set forth herein.

20.     Bixby, Gomoll, Scott, and Defendants entered into the written PI Agreement whereby the parties promised to do those acts as described in more detail in paragraphs 10 through 16.  The parties engaged in efforts pursuant to the PI Agreement, including forming the new business, finalizing the OA and MA, engaged in efforts to secure a partnership with a national manufacturer and distributor of adult-care products, and transferred hardware, software, marketing information, and sales information from Defendants to Plaintiffs.

21.     The PI Agreement was made expressly for the benefit of Stay-Dri, as Stay-Dri was the intended beneficiary of certain assets to be transferred by Defendants to it.  Stay-Dri is therefore a third party beneficiary under the PI Agreement.

22.     Defendants breached the PI Agreement with Plaintiffs by failing to perform under, and completely repudiating, the PI Agreement as stated in paragraphs 17 and 18.

23.     Defendants failed and refused, and continue to refuse, to abide by the terms of the PI Agreement it entered into with Bixby, Gomoll, and Scott.  Moreover, as a third party beneficiary, Defendants breached the PI Agreement and deprived Stay-Dri of certain benefits and assets it was to receive pursuant to the PI Agreement, namely the OA, MA, trade secrets, intellectual property, and tangible property contemplated in the PI Agreement.

24.     As a direct and proximate result of Defendants' material breaches, Plaintiffs have been damaged in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

//

//

//

## SECOND CAUSE OF ACTION
### (Against All Defendants)
### Breach of Oral Contract

25.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18 and 20 through 23 hereinabove as though fully set forth herein.

26.     Bixby, Gomoll, Scott, and Defendants engaged in protracted discussions for many months regarding the formation of the new business, marketing and commercialization of the Product.  The parties agreed to numerous terms pertaining to ownership and operations of the new business, including those terms identified in paragraph 12(a) through 12(i) above.  In the months leading up to Defendants' repudiation of the agreement, the parties repeatedly agreed, affirmed, and ratified their agreement orally in numerous discussions and by conduct described above.  Bixby, Scott, and Gomoll performed pursuant to the oral agreements, including forming the new business, finalizing the OA and MA, engaged in efforts to secure a partnership with a national manufacturer and distributor of adult-care products, and transferred hardware, software, marketing information, and sales information from Defendants to Plaintiffs.

27.     The PI Agreement was made expressly for the benefit of Stay-Dri, as Stay-Dri was the intended beneficiary of certain assets to be transferred by Defendants to it.  Stay-Dri is therefore a third party beneficiary under the PI Agreement.

28.     Defendants breached the oral agreement with Plaintiffs by failing to perform under, and completely repudiating, the oral agreement.  Defendants' breaches include failing to transfer certain assets to Stay-Dri, failure to capitalize Stay-Dri, and refusing to memorialize their oral operating agreement in writing.

29.     Defendants failed and refused, and continue to refuse, to abide by the terms of the oral agreements they entered into with Bixby, Gomoll, and Scott.  Moreover, as a third party beneficiary, Defendants breached the oral agreements and deprived Stay-Dri of certain benefits and assets it was to receive pursuant to the oral agreements, namely the trade secrets and intellectual property.

7

30.     As a direct and proximate result of Defendants' material breaches, Plaintiffs have been damaged in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (Against All Defendants)
#### Breach of Implied Contract

31.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, and 26 through 29 hereinabove as though fully set forth herein.

32.     Bixby, Gomoll, Scott, and Defendants engaged in protracted discussions for many months regarding the formation of the new business, marketing and commercialization of the Product. The parties understood that certain acts must be performed in order to commercialize the Product. These acts include forming a new business entity, transfer of assets to the new business, creation of OA and MA, and to market the Product. The understanding of the parties' respective obligations is set forth in part in more detail in paragraphs 12(a) through 12(i) above, in written communications betweens the parties, stated in oral communications between the parties, and which can be inferred from the conduct of the parties as set forth in more detail above. The conduct of Plaintiffs included the following: Forming the new business, finalizing the OA and MA, engaging in efforts to secure a partnership with a national distributor of adult-care products, transferring of hardware, software, marketing information, and sales information from Defendants to Plaintiffs, and relocating residences.

33.     Pursuant to the communications and conduct of the parties, Stay-Dri was the intended, express beneficiary of certain assets to be transferred by Defendants to it. Stay-Dri is therefore a third party beneficiary under the implied agreement.

34.     Defendants breached the agreement with Plaintiffs by failing to perform under, and completely repudiating, the understanding and agreement of the parties. Defendants' conduct has prevented Plaintiffs from realizing the benefits of their bargain and from performing their obligations pursuant to the agreement.

8

COMPLAINT

35.     Defendants failed and refused, and continue to refuse, to abide by the understanding between Bixby, Gomoll, and Scott.  Moreover, as a third party beneficiary, Defendants breached the implied agreement and deprived Stay-Dri of certain benefits and assets it was to receive pursuant to the agreement, namely the trade secrets and intellectual property noted hereinabove.

36.     As a direct and proximate result of Defendants' material breaches, Plaintiffs have been damaged in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Against All Defendants)
### Promissory Estoppel

37.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, and 26 through 29, and 32 hereinabove as though fully set forth herein.

38.     Defendants made numerous promises to Plaintiffs, including those set forth in paragraph 12 above.  Defendants repeatedly affirmed their promises, including their oral promises (i) to form and operate a new business in California, (ii) allocate ownership as set forth above, and (iii) to execute the finalized version of the OA and MA worked out between the parties. The parties conducted themselves accordingly following Defendants' promises, including those acts described in paragraphs 13 through 16 above.  Defendants should reasonably have expected to induce action or forbearance of a definite and substantial character on the part of the Plaintiffs.

39.     The Plaintiffs justifiably relied on Defendants' promises and took certain actions relying on the promises, including those acts set forth in paragraphs 13 through 16 above.  Plaintiffs suffered economic losses and other substantial detriments as a result of relying on Defendants' promises.  As a result, injustice can be avoided only by enforcing the promises set forth hereinabove.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

//

9

## FIFTH CAUSE OF ACTION
### (Against All Defendants)
### Conspiracy to Breach Contract

40.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, and 32 as though fully set forth herein.

41.     Within the last two years, Defendants knowingly and willfully conspired and agreed among themselves to the wrongful acts described hereinabove, including those acts described in paragraphs 10 through 16, 20 through 23, 26 through 29, and 32. Defendants did in fact commit the wrongful conduct as noted in paragraphs noted above.

42.     Defendants, and each of them, did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement. Defendants furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of one or more of the other Defendants in that Defendants engaged in the acts described in part in paragraphs 10 through 16, 20 through 23, 26 through 29, and 32.

43.     Plaintiffs are informed and believes and thereon alleges that the last overt act in pursuance of the above-described conspiracy occurred on or 2006 to the present date, on which dates Defendants breached the agreements between the parties by failing to perform its obligations thereunder and frustrated or disrupted Plaintiffs opportunities to obtain the benefit of their bargain under the agreements noted hereinabove.

44.     As a proximate result of the wrongful acts herein alleged, Plaintiffs have been generally damaged.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Against Glen Haire)
### Breach of Fiduciary Duty

45.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, and 32 hereinabove as though fully set forth herein.

46.     At all times relevant, Defendant Haire was a managing member and acting Chairman of Stay-Dri.  Haire was a fiduciary of Stay-Dri because great trust and confidence was placed in him by Stay-Dri and the other managers to operate and manage the business operations, which included facilitating the transfer of assets, executing a written operating agreement, and facilitate the complete formation and proper operations of Stay-Dri.

47.     Defendants have repudiated the PI Agreement, repudiated the legitimacy of Stay-Dri, intentionally hinder the parties' performance of the obligations set forth in the PI Agreement, and disrupted a business relationship between Plaintiffs and third parties.  Plaintiffs are informed and believe that Defendants either have, or are about to finalize, negotiations with third parties to sell the assets of Stay-Dri without the consent of the Plaintiffs.  Because of Defendants' actions, Plaintiffs have delayed finalizing a transaction with a third party that is a virtual certainty to transpire, and which may be cancelled due to Defendants' conduct. Plaintiffs are informed and believe that Defendants' conduct has resulted in lost profits for Stay-Dri and lost compensation for Bixby, Gomoll, and Scott.  Transfers of Stay-Dri's proprietary information and trade secrets would devastate the continuing operations of Stay-Dri. Based on the above facts, Defendants Haire has breached his fiduciary duty to Plaintiffs.

48.     As a direct and proximate result of the breach of fiduciary duty described hereinabove, Plaintiffs have and will been harmed as more fully set forth hereinabove in an amount to be proven at trial.

49.     Plaintiffs are informed and believe, and thereon allege, that Haire's conduct was unjust, despicable, malicious, fraudulent and oppressive, thereby entitling Plaintiffs to recover from Haire punitive damages in an amount to punish and deter Haire from such conduct, as well as his ongoing pattern, practice, habit and custom of such conduct, in the future. In doing the things herein alleged, Defendants intentionally acted with malice, oppression, and/or fraud as defined under Civil Code section 3294(c) with the intent to cause injury to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as set forth below.

//

11

COMPLAINT

## SEVENTH CAUSE OF ACTION
### (Against All Defendants)
### Conspiracy to Breach Fiduciary Duty

50.    Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, and 32 hereinabove as though fully set forth herein.

51.    At all times relevant, Defendant Haire was a managing member and acting Chairman of Stay-Dri.  Haire was a fiduciary of Stay-Dri because great trust and confidence was placed in him by Stay-Dri and the other managers to operate and manage the business operations, which included facilitating the transfer of assets, executing a written operating agreement, facilitate the proper operations of Stay-Dri.

52.    Within the last three years, Defendants knowingly and willfully conspired and agreed among themselves to the wrongful acts described hereinabove, including those acts described in paragraphs 9 through 17, 20 through 23, and 46 through 48.

53.    Defendants did in fact commit the wrongful conduct as noted in paragraphs 9 through 17, 20 through 23, and 46 through 48.  Defendants did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement.

54    Defendants furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of one or more of the other Defendants in that Defendants failed to disclose all financial and Product-related information to Stay-Dri when they had an affirmative duty to do so.  Moreover, Plaintiffs are informed and believe that Defendants secretly secured agreements with third parties pertaining to the Product which they have not disclosed and continue to secretly negotiate with third parties over the transfer of the Product and other Stay-Dri assets to those third parties.

55.    As a direct and proximate result of the breach of fiduciary duty described hereinabove, Plaintiffs have and will been harmed as more fully set forth hereinabove in an amount to be proven at trial.

56.    Plaintiffs are informed and believe, and thereon allege, that Defendants' conduct was unjust, despicable, malicious, fraudulent and oppressive, thereby entitling

1  Plaintiffs to recover from Defendants punitive damages in an amount to punish and deter

2  Defendants from such conduct, as well as his ongoing pattern, practice, habit and custom of

3  such conduct, in the future. In doing the things herein alleged, Defendants intentionally acted

4  with malice, oppression, and/or fraud as defined under Civil Code section 3294(c) with the

5  intent to cause injury to Plaintiffs.

6       WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as set

7  forth below.

## EIGHTH CAUSE OF ACTION
### (Against All Defendants)
### Intentional Fraud/Concealment

10       57.    Plaintiffs incorporate herein by this reference each and every allegation

11  contained in paragraphs 1 through 18, 20 through 23, 26 through 29, 32, and 51 through 54

12  hereinabove as though fully set forth herein.

13       58.    Within the last two years, Plaintiffs discovered that Defendants formulated the

14  specific intent and desire to fraudulently induce Bixby, Gomoll, and Scott to act in the manners

15  described hereinabove, which includes entering into the PI Agreement and expending

16  significant time and money into marketing the Product, negotiating with third parties, and

17  preparing for the new business. Defendants induced Bixby, Gomoll, and Scott by making the

18  misrepresentations and promises set forth in more detail in paragraphs 10 through 16.

19       59.    At the time the promises and representations were made by Defendants to

20  Plaintiffs, Defendants knew that the representations set forth herein were false and that

21  Plaintiffs were ignorant of the falsity of Defendants promises and representations, and

22  Defendants intended that Plaintiffs would rely on said representations to his damage. Based in

23  part on the facts set forth herein, Plaintiffs justifiably and reasonably relied on promises and

24  representations from Defendants and agreed to contracts noted herein and expend significant

25  time and money to further the commercialization of the Product.

26       60.    In addition, Defendants intentionally concealed material facts from Plaintiffs as

27  set forth above, but which include failing to disclose material facts regarding agreements they

28  secretly entered into with third parties regarding the sale, manufacturing, marketing, and/or

purchase of the Product.  Defendants concealed these facts with the intent to defraud and induce Plaintiffs to act in the manner described above.  At the time Plaintiffs acted in the manners described hereinabove, Plaintiffs was unaware of the concealed facts, and would not have taken the actions if they had known the facts.

61.    Moreover, Defendants made the promises noted above without any intent to perform.  Plaintiffs are informed and believes that this conduct is the custom and practice of Defendants and that the same or similar acts occurred with third parties.  Defendant's promises without any intention of performance was made with the intent to defraud and to induce Plaintiffs to rely upon it and to act in the manner described herein, which includes entering into the agreements and expending significant time and money.  At the time Plaintiffs acted, Plaintiffs were unaware of Defendants' intention not to perform the promises.  Plaintiffs acted in justifiable reliance upon the promises.

62.    In doing the things herein alleged, Defendants intentionally acted with malice, oppression, and/or fraud as defined under Civil Code section 3294(c) with the intent to cause injury to Plaintiffs.  Defendants are therefore guilty of malice and/or oppression and/or fraud in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish these Defendants and deter others from engaging in similar misconduct.

63.    As a direct and proximate result of the aforementioned fraudulent conduct of Defendants, Plaintiffs have been injured and damaged in an amount to be determined by proof at trial.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Against All Defendants)**
**Negligent Misrepresentation**

64.    Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, 32, and 51 through 54 as though fully set forth herein.

14

COMPLAINT

65.     Defendants, and each of them, made representations of material facts throughout 2007 and 2008 in numerous oral communications with Bixby, Scott, and Gomoll. Some of the misrepresentations are set forth in more detail above, including those in paragraphs 10 through 16 above.

66.     At the time the promises and representations were made by Defendants to Plaintiffs, Defendants should have known that the representations were false.  Defendants made the representations without any reasonable ground for believing them to be true. Plaintiffs were ignorant of the falsity of Defendants' promises and representations and they acted in reliance upon the truth of the representations, as set forth hereinabove.  Plaintiffs justifiably and reasonably relied on promises and representations from Defendants noted herein.

67.     Defendants intended that Plaintiffs would rely on their representations.  As a result of the reliance upon the truth of the representations, Plaintiffs sustained damages. As a direct and proximate result of the aforementioned fraudulent conduct of Defendants, Plaintiffs has been injured and damaged in an amount to be determined by proof at trial.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### TENTH CAUSE OF ACTION
### (Against All Defendants)
### Conspiracy to Commit Fraud

68.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, 32, and 51 through 54 as though fully set forth herein

69.     Within the last three years, Defendants knowingly and willfully conspired and agreed among themselves to the wrongful acts described hereinabove, including those acts described in paragraphs 10 through 18, 20 through 23, 26 through 29, 32, and 51 through 54.

70.     Defendants did in fact commit the wrongful conduct as noted hereinabove. Defendants did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement.

71.     Defendants furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of one or more of the other Defendants in that Defendants engaged in the acts described in part in paragraphs 10 through 18, 20 through 23, 26 through 29, 32, and 51 through 54.

72.     Plaintiffs are informed and believes and thereon alleges that the last overt act in pursuance of the above-described conspiracy occurred on or about 2006 to the present date. As a proximate result of the wrongful acts herein alleged, Plaintiffs have suffered damages.

73.     In doing the things herein alleged, Defendants intentionally acted with malice, oppression, and/or fraud as defined under Civil Code section 3294(c) with the intent to cause injury to Plaintiffs.  Defendants are therefore guilty of malice and/or oppression and/or fraud in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish these Defendants and deter others from engaging in similar misconduct.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
### (Against TRT)
### Violation of Bus. & Prof. Code Section 17200 *et seq.*

74.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, and 32 hereinabove as though fully set forth herein.

75.     The past, ongoing, current and threatened actions and conduct of TRT constitutes an Unfair Business Practice, as defined in sections 17200 *et seq.* of the California Business & Professions Code.  Plaintiffs suffered injury in fact and has lost money and property as a result of TRT's actions.

76.     Pursuant to Business & Professions Code § 17203, Plaintiffs are entitled to injunctive relief and/or restitution such other appropriate orders as may be necessary to curb and restrain each and every unlawful and/or, unfair practice described above.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as set forth below.

16

## TWELFTH CAUSE OF ACTION
### (Against All Defendants)
### Conversion

77.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, and 32 hereinabove as though fully set forth herein.

78.     Within the last two years, Stay-Dri owned and had the right to possess the patent, intellectual property, and trade secrets work as set forth in more detail above.

79.     Within the last two years, Defendants took control and possession of the retention of the patent, intellectual property, and trade secrets for the benefit of Defendants but which belonged to Stay-Dri.  Defendants had no authorization or permission from Stay-Dri whatsoever to take back control of the property described above.

80.     By taking this property belonging to Stay-Dri, and refusing to transfer the property to Stay-Dri, Defendants have converted Stay-Dri's property by wrongful act.

81.     This conversion of property by Defendants has directly and proximately caused damage to Stay-Dri, by depriving Stay-Dri of the possession, custody, control, use and benefit of that property.

WHEREFORE, Stay-Dri prays for judgment against Defendants as set forth below.

## THIRTEENTH CAUSE OF ACTION
### (Against All Defendants)
### Conspiracy to Commit Conversion

81.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, and 32 hereinabove as though fully set forth herein.

82.     Within the last year, Defendants knowingly and willfully conspired and agreed among themselves to the wrongful acts described hereinabove, including those acts described in paragraphs 10 through 18, 20 through 23, 26 through 29, 32, 51 through 54, and 78 through 80.

83.     Defendants did in fact commit the wrongful conduct as noted in the paragraphs noted above. Defendants did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and conversion.

84.     Defendants furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of one or more of the other Defendants in that Defendants engaged in the acts described in part in paragraphs 10 through 18, 20 through 23, 26 through 29, 32, 51 through 54, and 78 through 80.

85.     Stay-Dri is informed and believes and thereon alleges that the last overt act in pursuance of the above-described conspiracy occurred on or about 2006 to the present date. As a proximate result of the wrongful acts herein alleged, Stay-Dri has suffered damages.

86.     In doing the things herein alleged, Defendants intentionally acted with malice, oppression, and/or fraud as defined under Civil Code section 3294(c) with the intent to cause injury to Stay-Dri. Defendants are therefore guilty of malice and/or oppression and/or fraud in conscious disregard of Stay-Dri's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish these Defendants and deter others from engaging in similar misconduct.

WHEREFORE, Stay-Dri prays for judgment against Defendants, and each of them as set forth below.

## FOURTEENTH CAUSE OF ACTION
### (Against All Defendants)
### Intentional Interference With Prospective Economic Advantage

87.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 18, 20 through 23, 26 through 29, 32, 51 through 54, and 78 through 85 hereinabove as though fully set forth herein.

88.     An economic relationship exists between Stay-Dri and McKesson containing the probability of future economic benefit to Stay-Dri. Defendants are aware of this relationship and have conducted themselves in the manner set forth in paragraphs 10 through 18, 20 through 23, 26 through 29, 32, 51 through 54, and 78 through 85 with the intent to disrupt this relationship. The business relationship between Stay-Dri and McKesson has been disrupted because of the

18

COMPLAINT

conduct noted above and the statements of Haire indicating that he will take further measures to disrupt that relationship.

89.     Stay-Dri has incurred damages that were proximately caused by the acts of the Defendants.

WHEREFORE, Stay-Dri prays for judgment against Defendants as set forth below.

### FIFTEENTH CAUSE OF ACTION
### (Against All Defendants)
### Misappropriation of Trade Secrets/ Civil Code § 3426 *et seq.*

90.     Plaintiffs incorporate and reallege paragraphs 1 through 18, 20 through 23, 26 through 29, 32, 51 through 54, and 78 through 85 of this Complaint as if fully set forth herein.

91.     Defendants unlawfully took confidential information from Plaintiffs, including cost and pricing information, marketing plans, potential customer contact information, and all trade secrets purchased from TRT.  Defendants took this information by failing to transfer all relevant documents and information to Stay-Dri pursuant to the agreements noted above.

92.     Stay-Dri is entitled to injunctive relief restraining and enjoining the Defendants from taking, receiving, concealing, assigning, transferring, copying or otherwise using or disposing of Stay-Dri trade secrets.

93.     As a direct and proximate result, Stay-Dri has been injured and harmed in an amount to be determined, which is in excess of the jurisdictional limit of the Superior Court.

94.     Due to the knowing and intentional actions by Defendants, which were malicious and oppressive, Stay-Dri is entitled to recover punitive damages.

WHEREFOR, Stay-Dri prays for judgment against Defendants as set forth below.

### PRAYER

1.     For compensatory damages not less than $25,000, plus interest, according to proof;

2.     For restitution and disgorgement of profits as noted above;

3.     For an award of attorney's fees and costs according to proof;

4.     For an award of special damages according to proof;

5.     For an award of punitive damages;

19

COMPLAINT

6.      For an order that a constructive trust be imposed on the assets of Defendants;

7.      For an order enjoining Defendants from engaging in the unlawful conduct noted herein;

8.      For such further relief as the court considers proper.


Dated: May 21, 2008                          LAW OFFICE OF DAVID S. BARRETT

                                             DAVID S. BARRETT
                                             Attorney for Plaintiffs

COMPLAINT