IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STAY-DRI CONTINENCE MANAGEMENT
SYSTEMS, LLC; TED GOMOLL; GREG
BIXBY; BRUCE SCOTT,

       Plaintiffs,

    v.

GLEN HAIRE; TWIN RIVERS
TEXTILES, LLC and DOES 1
through 25, inclusive,

       Defendants.

_____/

No. 2:08-CV-01386-JAM-EFB

ORDER GRANTING MOTION TO
TRANSFER

    Stay-Dri Continence Management Systems, LLC ("Stay-Dri"),
Ted Gomoll, Greg Bixby, and Bruce Scott (collectively
"Plaintiffs") brought this action against Glen Haire and Twin
Rivers Textiles, LLC ("Twin Rivers") (collectively "Defendants")
for various state and common law claims in Sacramento Superior
Court.  On June 19, 2008, Defendants removed the action to this
Court on the basis of diversity under 28 U.S.C. §1441(b).
Defendants now move to transfer this action to the District

1

Court for the Western District of Kentucky.  Plaintiffs oppose.

For the reasons stated below, the motion is GRANTED.[1]

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Glen Haire owns and is the managing member of Twin Rivers.

Haire developed adult briefs that wirelessly transmit

information to a computer in order to predict and manage

incontinent events (the "Product").  Compl. ¶ 9.  Plaintiffs

allege that Haire contacted them at different times to develop

and commercialize the Product.  Id. ¶ 10.  In December 2007, in

an effort to further develop and market the Product, Bixby,

Gomoll, Scott, and Defendants executed a pre-incorporation

agreement ("Agreement").  Id. ¶ 11.  Defendants signed the

Agreement in Kentucky and faxed the document to Plaintiffs.

Plaintiffs allege that they were all staying in Bixby's cabin in

Placerville, California when they signed the Agreement.  Scott

Decl. ¶ 2; Bixby Decl. ¶ 2; Gomoll Decl. ¶ 3.  The terms of the

Agreement included forming a business entity in the State of

Kentucky.  Id. ¶ 12.  Subsequently, Bixby relocated from

Michigan to reside permanently in his cabin in Placerville.  Id.

¶ 13.  After discussions, the parties agreed to form their

business entity, Stay-Dri, in California as opposed to Kentucky.

Id. ¶ 15.  Plaintiffs allege that the Defendants unlawfully

---

[1] This motion was determined to be suitable for decision
without oral argument.  E.D. Cal. L.R. 78-230(h).

2

repudiated the Agreement in an effort to utilize Plaintiffs'
work product and confidential information.  Id. ¶¶ 16-18.

Glen Haire is a resident of the State of Kentucky.  Id. ¶
6.  Twin Rivers is a Kentucky Limited Liability Company.  Id. ¶
5.  Greg Bixby was formerly a resident of Michigan and currently
resides in a cabin outside of Placerville, California.  Bixby
Decl. ¶ 2.   Ted Gomoll is a resident of Mill Valley,
California.  Gomoll Decl. ¶ 2.  Gomoll also maintains a
residence in the Truckee/Tahoe area.  Id.  Bruce Scott resides
in Mountain View, California.  Scott Decl. ¶ 6(f).  Stay-Dri is
a California limited liability company.  Compl. ¶ 1.

OPINION

"For the convenience of parties and witnesses, in the
interest of justice, a district court may transfer any civil
action to any other district or division where it might have
been brought."  28 U.S.C. § 1404(a).  Neither party disputes
that the cause of action could have been brought in the Western
District of Kentucky.  In determining whether to transfer an
action, district courts may consider the following factors:

> (1) the location where the relevant agreements were
> negotiated and executed, (2) the state that is most
> familiar with the governing law, (3) the plaintiff's choice
> of forum, (4) the respective parties' contacts with the
> forum, (5) the contacts relating to the plaintiff's cause
> of action in the chosen forum, (6) the differences in the
> costs of litigation in the two forums, (7) the availability
> of compulsory process to compel attendance of unwilling

non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-499 (9th Cir. 2000). The burden is on the moving party to show that transfer is appropriate. See Commodity Futures Trading Com. v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

The first prong the Court must consider is the location in which the Agreement was negotiated and executed. This factor does not weigh in favor of either party. Because they signed the Agreement at Bixby's cabin in Placerville, Plaintiffs allege that the relevant pre-incorporation agreement was executed in the Eastern District of California. However, because the Agreement was negotiated over the telephone, it could equally be said to have been negotiated in Kentucky. Furthermore, at the time of execution, none of the Plaintiffs permanently resided in the Eastern District. Even Bixby, at whose home Plaintiffs signed the Agreement, admits that he was a resident of Michigan at the time of signing. Compl. ¶ 13. Thus, although Plaintiffs signed the Agreement in Placerville, negotiations and preparations prior to signing likely occurred outside of the Eastern District of California.

The next prong that the Court must consider is which law will govern the Agreement. The Agreement does not contain choice of law or forum selection provisions. On its face, the

Agreement is to form a company to be located in Kentucky.
Plaintiffs allege that there was a modification of the
Agreement, and that the company was formed in California.
Defendants concede that California choice of law provisions will
apply.  However, Defendants have stated their intention to bring
counterclaims based on several other agreements between the
parties which contain Kentucky choice of law provisions.  <u>See</u>
Haire Decl. ¶ 8, Ex. C; Jacobs Decl. ¶ 4.  Therefore, the
benefit of litigating in a California court will be somewhat
reduced.  Although this factor weighs against transfer, it does
so only slightly.

    The Plaintiff's choice of forum weighs against transfer.
"Traditionally, a presumption lies in favor of a plaintiff's
choice of forum."  <u>Piper Aircraft v. Reyno</u>, 454 U.S. 235, 255
(1981).  However, "[i]f the operative facts have not occurred
within the forum of original selection and that forum has no
particular interest in the parties or subject matter, [the
plaintiff's] choice is only entitled to minimal consideration.
<u>Pacific Car & Foundry Co. v. Pence</u>, 403 F.2d 949, 954 (9th Cir.
1968).  Because only one of the Plaintiffs resides permanently
in the Eastern District of California and because Plaintiffs
have not demonstrated that significant negotiations took place
in the District, the Plaintiffs do not appear to have
significant contacts with the Eastern District of California.

Therefore, although Plaintiffs' choice of forum weighs against transfer, is not an overriding factor.

The fourth factor, the parties' contact with the district, weighs in favor of transfer.  Both Defendants reside in the Western District of Kentucky.  Two Plaintiffs reside in the Northern District of California, although one maintains a second home in the Truckee-Tahoe area.  Plaintiff Bixby currently resides in a cabin in Placerville, but during the period in which the Agreement was enacted, resided in Michigan.  The fact that the parties met in Bixby's cabin in Placerville to sign the Agreement does not create a substantial enough contact to prevent transfer.  The Parties' tenuous connection to the Eastern District of California weighs strongly in favor of transfer.

The fifth factor, the relation of the cause of action to this District, also weighs strongly in favor of transfer.  The underlying cause of action relates to the breach of the Pre-Incorporation Agreement for Stay-Dri.  The process of incorporating Stay-Dri as a California limited liability company, however, was conducted by San Francisco attorney Dennis Sullivan in the Northern District of California.  See Kimball Supp. Decl. ¶ 3.  Although Bixby alleges that he rented premises to commence the operation of Stay-Dri in the Eastern District of

6

California, he has provided no supporting evidence of this.  In fact, Defendants allege that Stay-Dri was not even a going concern.  See Def. Rep. to Oppn. to Mot. to Transfer II(d).  The tenuous connection between the underlying cause of action and this District weighs in favor of transfer.

The relative cost of litigation is a neutral factor.  The only argument Plaintiffs make in support of lower litigation costs in the Eastern District of California is that several potential witnesses who are employees of McKesson Medical located in Richmond, Virginia could be easily deposed in San Francisco because McKesson Medical maintains a corporate office there.  However, the venue of the action need not dictate the location of depositions.  There is no evidence to suggest that litigating in the Western District of Kentucky will be substantially more costly than litigating in the Eastern District of California.

Perhaps the most important factor is the availability of witnesses to testify.  Both parties provided extensive lists of potential witnesses.  Many of Plaintiffs witnesses are located in California and its surrounding states, while Defendants witnesses are located in Kentucky and its surrounding states.  However, a substantial number of Plaintiffs witnesses are the parties themselves and their family members who they allege worked for Stay-Dri.  Courts discount the inconvenience to

witnesses employed by the parties in determining whether transfer is appropriate because they can be compelled to testify.  See Getz v. Boeing Co., 547 F. Supp. 2d 1080, 1084 (N.D. Cal. 2008).  Therefore, on the whole, the convenience of witnesses weighs in favor of transfer.

The final factor the Court must consider is the ease of access to sources of proof.  As the bulk of discovery is likely to come from Defendants in this case, this factor weighs in favor of transfer.

In addition to the *Jones* factors, courts may also consider its own docket congestion in determining whether transfer is appropriate.  See Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F. Supp. 2d 1183, 1196 (S.D. Cal. 2007).  Defendants have demonstrated that the Eastern District of California has a significantly larger caseload than the Western District of Kentucky.  See Def. Rep. to Oppn. to Mot. to Transfer II(g) (noting that whereas the Western District of Kentucky had an average of 291 actions per judgeship, the Eastern District of California had an average of 766 actions per judgeship in 2007).

The interest of ensuring that this matter proceeds speedily to trial weighs in favor of transfer.[2]

ORDER

For the reason set forth above, Defendants' Motion to Transfer this action to the District Court for the Western District of Kentucky is GRANTED.


IT IS SO ORDERED.

Dated: September 10, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

_____

[2] Because the Court is transferring jurisdiction over this action, it will not determine the merits of Defendants' Motion to Dismiss.  See Utah v. American Pipe & Constr. Co., 316 F. Supp. 837, 839 (C.D. Cal. 1970) (transferor court loses jurisdiction over action upon transfer).

9